## STAMIE E. LYTTLE COMPANY, INC.

## V.

## COUNTY OF HANOVER, ET AL.[1]

Record No. 821073

March 7, 1986

Present: All the Justices

---

[1] The other appellees are R. Stuart Royer & Associates, Inc., I. N. Koontz, E. F. Massie, Jr., S. P. Tansill, T. F. Turner, Jr., H. M. Tyler, and J. A. Limerick, who were third-party defendants in the action in the trial court. Appellee County of Hanover was defendant and third-party plaintiff in the trial court.

*R. D. McIlwaine, III,* for appellant.
*Peter L. Trible, County Attorney; John B. McCammon (Edward E. Nicholas, III; McGuire, Woods & Battle,* on briefs), for appellees.

COCHRAN, J., delivered the opinion of the Court.

The Code of Virginia provides a statutory procedure which must be followed before a claimant may sue a county in contract. In the appeal of this contract action, the question is whether, as the trial court ruled, the claimant is barred for failure to comply with the applicable statutory provisions.

A "claim or demand" must first be presented to the board of supervisors for allowance before the claimant may bring an action against the county. Code § 15.1-554. When a claim is disallowed by the board of supervisors, the claimant may appeal the decision to the circuit court within 30 days of the date of decision or the date on which he is served with written notice of the disallowance, but not more than six months after the date of decision. Code § 15.1-552. Absent consent by the board to an action by the claimant, any board determination disallowing a claim from which no timely appeal is taken is "final and conclusive and a

perpetual bar to any action in any court founded on such claim." Code § 15.1-553. This bar does not apply, however, where the board refuses or neglects to act upon a claim duly presented. *Id.*

The trial court ruled that the claimant presented a claim to the board of supervisors, that the board rejected the claim, and that the claimant, having failed to appeal that determination within the prescribed time, was barred by § 15.1-553 from maintaining this action against the county. Although the facts are undisputed, the validity of the trial court's ruling depends upon its determination that a "claim," within the meaning of § 15.1-554, was rejected by the board of supervisors.

In 1977, Stamie E. Lyttle Company, Inc. (Selco), entered into two separate contracts with the County of Hanover (the County) for the construction of certain improvements to the County's sewer system. Selco performed its work under the contracts. In 1979, Selco asserted the County owed it additional compensation for costs and losses resulting from changes in the work to be performed, delays, and disruptions beyond Selco's control. Negotiations ensued in 1979 and 1980 among Selco, the County, and the project engineers, R. Stuart Royer & Associates, Inc. This dispute was still unresolved in May 1980, when the county attorney wrote Selco that he could not recommend that the Hanover County Board of Supervisors approve the additional compensation Selco had requested but added that Selco was "welcome to present [its] claim to the Board."

By letter dated July 17, 1980, addressed to the Board of Supervisors, Selco submitted a "proposal for settlement of claims." This submission was accompanied by a cover letter to the county administrator, dated July 18, in which Selco referred to the July 17 letter as its "request . . . for settlement of claims." In the cover letter, Selco wrote, "If the Board has any questions concerning the claims and will schedule an adequate and mutually convenient time to appear before it, we will be happy to further explain our claims and answer such questions in detail."

In the July 17 submission to the Board, Selco requested payment of $45,080.28, allegedly the aggregate amount of the two contracts' cost overruns caused by unexpected conditions and additional charges incurred in relocating waterlines and repairing existing waterlines. The following passages are excerpts from this letter:

As problems were encountered during the early stages of the projects and throughout the course of the projects, the County's Inspectors and Consulting Engineers were made aware of the problems and the attendant claims; however, either no decision or unacceptable decisions were made on a number of very significant claims. Subsequent to completion of the projects, numerous attempts were made to resolve and settle our claims; but these were also unsuccessful and unproductive.

Therefore, it has become necessary for us to submit our appeal to the Board for consideration and, hopefully, its approval.

While our claims amount to well in excess of $100,000 and could be as high as $250,000 when changes in sequence of work, delays, disruptions, extended overhead, and other appropriate factors are taken into account, we have requested settlement of these claims based solely on direct cost elements which amount to Forty-five thousand eighty dollars and twenty-eight cents ($45,080.28).

Our claims, we feel, are proper, justified, and in keeping with the intent of the contracts. Our offer of settlement is made in the spirit of cooperation and friendship.

. . . .

While an abundance of paperwork is available to support our claims and will be furnished upon request, it does not seem necessary to burden the Board with all the documentation in our files for the projects at this point.

. . . .

Although we have not attempted to extract from our loss of approximately $250,000 all of the items which were occasioned by the insufficiency of plans, changed subsurface physical conditions, and other sources of disruptions and delays, there is no question that the cost impact on these projects was immense.

Nevertheless, as stated previously, in the spirit of cooperation and friendliness and in the hope of achieving a speedy resolution, we are requesting only the $45,080.28 attributable to direct costs incurred in full settlement of our claim.

We regret that we must burden the Board with this decision; however, as we were unable to obtain a decision otherwise, this request was necessary.

The minutes of the July 30, 1980, meeting of the Board reveal that the Board, without dissent, passed a motion to "deny the three (3) claims."[2] Selco, notified of this action by letter of August 12, 1980, took no appeal from the Board's decision.

On February 11, 1981, Selco submitted to the Board a written statement of claims totalling $526,427.32. These claims included the items totalling $45,080.28 which formed the basis for the prior settlement proposal. In addition, Selco presented claims for labor and equipment cost overruns, additional overhead, and loss of additional profits resulting from "differing site conditions, disruptions, out of sequence work, lack of decision and direction from owner, extra work, and work different than provided in the drawings and specifications." On February 13, the County returned unopened the envelope containing these claims.

On February 24, 1981, Selco filed in the trial court a notice of appeal and motion for judgment, seeking judgment against the County for its claims in the amount of $526,427.32.[3] The County, while denying liability, filed a third-party motion for judgment against R. Stuart Royer & Associates, I. N. Koontz, E. F. Massie, Jr., S. P. Tansill, T. F. Turner, Jr., H. M. Tyler, J. A. Limerick, and R. Stuart Royer & Associates, Inc. (collectively, Royer), alleging that any liability to Selco resulted from Royer's negligent preparation of the specifications and negligent supervision, testing, and approval of the work.

The County and Royer argued and the trial court held that the July 17 submission by Selco was a "claim" and, because Selco failed to file an appeal within 30 days of notice of disallowance, the Board's action became final and conclusive and barred any later action on these claims. By final order entered March 19, 1982, the trial court sustained the motions for summary judgment filed by the County and Royer and dismissed with prejudice Selco's action against the County and the County's third-party action against Royer.

On appeal, Selco contends, as it did in the trial court, that its July 17 proposal to the Board was not a claim barring this action. We agree with Selco.

A review of the July 17 letter to the Board leads to the conclusion that this submission was no more than a settlement offer

---

[2] The minutes do not show what the Board considered to comprise three claims.

[3] By an amended notice of appeal and motion for judgment, Selco added a second count alleging it was entitled to $497,427.32 under a *quantum meruit* theory of liability.

made in the spirit of compromise, not a presentation of a claim or demand for payment. The letter to the Board and the accompanying cover letter to the county administrator both reflect Selco's belief that the document was a settlement proposal. Even the trial court found this submission to be a "proposal."

The language of the July 17 letter demonstrates that Selco contemplated "claims," not yet presented, far in excess of the $45,080.28 it offered to accept in settlement of all claims. First, Selco stated that, in the course of performance, county officials were made aware of problems that arose and the resulting claims of Selco for additional compensation. Selco attempted to negotiate a settlement, was unsuccessful, and turned to the Board in the hope that it might approve a settlement. Second, Selco repeatedly referred to the existence of potential claims in excess of the settlement offer, indicating that such claims could be documented at a later time if settlement were not reached. It is clear that Selco believed it was entitled to much more than $45,080.28 but was willing to accept that amount in order to resolve the disagreement without further delay. Such a proposal cannot rise to the level of a "claim" or "demand," which is an assertion of right or entitlement.

The law favors the compromise and settlement of disputes without resort to litigation. *Bangor-Punta* v. *Atlantic Leasing*, 215 Va. 180, 183, 207 S.E.2d 858, 860 (1974). Accordingly, Code § 15.1-554, governing presentation of claims or demands to a board of supervisors, should not be so broadly construed as to include settlement offers, such as the proposal submitted by Selco, and thereby discourage compromise of contractual disputes with counties. Rather, a "claim" or "demand," narrowly construed, is a call upon a board to pay an amount alleged to be due.[4] Selco's proposal was not such a call; instead, we hold it was an invitation to the County to reach a settlement and resolve the dispute expeditiously and amicably.

From this holding that the July 17 letter to the Board was not a presentation of a claim, it follows that the claims presented by Selco's letter of February 11, 1981, had not previously been presented or disallowed and were not barred. When the County

---

[4] A "claim" is defined as, *inter alia*, "an authoritative or challenging request," "a demand of a right or supposed right," or "a calling on another for something due or supposed to be due." Webster's Third New International Dictionary 414 (1981). Similarly, a "demand" is "a thing or amount claimed to be due." *Id.* at 598.

refused to consider these claims, returning the materials unopened, Selco was entitled to bring an original action on the claims in the trial court under the provisions of Code § 15.1-553. *See Parker* v. *Prince William County*, 198 Va. 231, 236, 93 S.E.2d 136, 139 (1956).

■ Royer assigned cross-error, alleging that Selco failed to file a proper appeal bond under Code § 15.1-552. Because this suit was an original action, however, rather than an appeal from the Board's decision, no appeal bond was required in the trial court.

■ The trial court granted Royer's motion for summary judgment against the County and dismissed Royer with prejudice. Because the County failed to challenge this ruling by assignment of cross-error, the ruling is final. *See First Va. Bank-Colonial* v. *Baker*, 225 Va. 72, 84, 301 S.E.2d 8, 15 (1983). While it is true that the County and Royer relied on identical theories in defending the action in the court below, each attacking Selco's right to sue the County, the possibility that their interests would later be in conflict was inherent in the nature of these proceedings. It was incumbent upon each party to protect its own interests and preserve its own claims and defenses.

Accordingly, we will affirm the judgment of the trial court insofar as it dismissed the County's third-party action against Royer, but we will reverse the judgment in favor of the County in Selco's action against the County and remand the case for further proceedings consistent with this opinion.

*Affirmed in part; reversed in part; and remanded.*