# B. Mark Fried, et al.

### v.

# Steven C. Smith

Record No. 911007

September 18, 1992

Present: All the Justices

*Stephen M. Sayers (Stuart A. Raphael; Hunton & Williams*, on brief), for appellants.

*Robert J. Cunningham, Jr. (Whitestone, Brent, Young & Merril*, on brief), for appellee Steven C. Smith.

No brief or argument on behalf of W. Michael Hayman.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether a release provision contained in a contract is ambiguous.

The relevant facts are not in dispute. Barbara J. Fried and B. Mark Fried own property in Springfield, Virginia, that they leased to M & M Pontiac, Inc. in 1986. Steven C. Smith, chairman of the board of directors of M & M Pontiac, executed a ''Guaranty of [the M & M Pontiac] Lease'' with the Frieds dated May 3, 1986. The guaranty states, ''Steven C. Smith ([']Guarantor'), hereby unconditionally and absolutely guarantees unto Landlord [the Frieds], its successors and assigns, the full, prompt and complete payment by Tenant of the rent and additional rents provided in Lease. . . .''

M & M Pontiac filed a petition in bankruptcy in January 1989. Dave Perno Pontiac, Inc., with the approval of the bankruptcy court, purchased M & M Pontiac's assets. The Frieds joined in the execution of an assignment of the M & M Pontiac lease to Dave Perno Pontiac, but upon the express written condition that the assignment would not release Smith from his personal guaranty of the lease. Dave Perno Pontiac was unable to pay its rent as required by the lease, and Mr. Fried sent a letter to Smith requesting that he honor his guaranty. Smith refused to do so.

The Frieds filed a motion for judgment against Smith, seeking to recover damages they had incurred because of Dave Perno Pontiac's failure to make its lease payments. Both parties filed motions for summary judgment. The trial court granted Smith's motion, holding that a release provision contained in a stock purchase agreement, dated May 1988, among Steven Smith, the Frieds, and others, terminated Smith's obligation under the terms of the lease guaranty. Paragraph 6(a) of the stock purchase agreement states, in relevant part:

6. *Releases.*

    (a) As of the Closing Date, the Frieds . . . release and forever discharge the Smiths . . . *from any and all claims, demands or causes of action* that the Frieds . . . have or might have against them . . . from the beginning of time to the date of Closing, *including, but not limited to, any and all liabilities, obligations and duties of the released parties* . . . to the Frieds . . . under written agreements or otherwise, but excluding specifically (i) the obligations of the Smiths under this Agreement [and certain other enumerated agreements not relevant here].

(Emphasis added).

On appeal, the Frieds argue that the language contained in paragraph 6(a) of the stock purchase agreement is ambiguous and that the trial court should have taken parol evidence to ascertain whether the Frieds and Smith intended to release Smith from the lease guaranty. Smith, however, argues that the release is not ambiguous and, therefore, parol evidence is not admissible to discern the intent of the parties.

■ The word "ambiguity" is defined as "the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time. . . . Doubtfulness; doubleness of meaning . . . of an expression used in a written instrument." *Berry* v. *Klinger*, 225 Va. 201, 207, 300 S.E.2d 792, 796 (1983) (citations omitted); *see also Renner Plumbing* v. *Renner*, 225 Va. 508, 515, 303 S.E.2d 894, 898 (1983); *Ayres* v. *Harleysville Mut. Cas. Co.*, 172 Va. 383, 393, 2 S.E.2d 303, 307 (1939).

■ We hold that the language found in the release is ambiguous because the phrase "any and all claims, demands or causes of action" is inconsistent with the phrase "including, but not limited to, any and all liabilities, obligations and duties." A "claim" is defined as " 'an authoritative or challenging request,' 'a demand of a right or supposed right,' or 'a calling on another for something due or supposed to be due.' " *Stamie E. Lyttle Co.* v. *County of Hanover*, 231 Va. 21, 26 n.4, 341 S.E.2d 174, 178 n.4 (1986) (quoting Webster's Third New International Dictionary 414 (1981)). A "demand" is " 'a thing or amount claimed to be due.' " *Lyttle Co.* at 26 n.4, 341 S.E.2d at 178 n.4 (quoting Webster's Third New

International Dictionary at 598). In discussing a "cause of action," we have stated:

> The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff. In the absence of injury or damage to a plaintiff or his property, he has no cause of action and no right of action can accrue to him.

*Caudill* v. *Wise Rambler*, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969) (citation omitted).

The legal concepts contained in the phrase "claims, demands or causes of action . . . from the beginning of time to the date of closing" do not connote future or contingent liabilities, but refer to the legal ability to assert unconditionally an existing right. The phrase "including, but not limited to, any and all liabilities, obligations and duties of the released parties" can be interpreted to mean future or contingent events which are not "claims, demands or causes of action." For example, consider the definition of the word "liability":

> The word is a broad legal term. It has been referred to as of the most comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent, or likely. It has been defined to mean: all character of debts and obligations; amenability or responsibility; an obligation one is bound in law or justice to perform; an obligation which may or may not ripen into a debt; any kind of debt or liability, either absolute or contingent, expressed or implied; condition of being actually or potentially subject to an obligation; condition of being responsible for a possible or actual loss, penalty, evil, expense, or burden; condition which creates a duty to perform an act immediately or in the future . . .

Black's Law Dictionary 914 (6th ed. 1990) (citations omitted).

These two phrases in the release are ambiguous because, when read together, they are capable of being understood in more than one way and their meaning is doubtful. The first phrase limits the release to "claims, demands or causes of action" but the second

phrase expands the scope of the release to include any "hazard or responsibility, absolute, contingent, or likely."

    Smith, recognizing the inconsistency between these two phrases, invites this Court to construe the term "including, but not limited to" in such a fashion that it would mean "and." Thus, Smith asserts that the language in the release means that the Frieds actually released him from all "claims, demands, causes of action *and* liabilities, obligations and duties." We decline Smith's invitation to amend his contract because it is not the province of this Court to rewrite contractual language. Rather, it is incumbent upon courts to construe the language drafted by the parties to determine whether the precise language used is ambiguous.

    Accordingly, we will reverse the judgment appealed from and remand this action so that the trial court can consider extrinsic evidence to interpret the ambiguous contractual provision. *See American Realty* v. *Chase Manhattan*, 222 Va. 392, 403, 281 S.E.2d 825, 831 (1981).*

*Reversed and remanded.*

JUSTICE STEPHENSON, with whom JUSTICE COMPTON joins, dissenting.

    I find no ambiguity in the language in the release. It released and discharged Smith "from any and all claims, demands or causes of action that the Frieds . . . have or might have against [Smith] . . . *including, but not limited to*, any and all liabilities, obligations and duties of [Smith] . . . to the Frieds." (Emphasis added.)

    As the majority points out, the word "liability" is a broad, comprehensive legal term that includes " 'almost every character of hazard or responsibility, absolute, contingent, or likely.' " The term means " 'an obligation which may or may not ripen into a debt; any kind of debt or liability, either absolute or contingent, expressed or implied.' " Clearly, therefore, Smith's guaranty of rent payment falls within the meaning of "liability."

    The majority, nonetheless, holds that the first phrase, "claims, demands or causes of action," and the second phrase, "including, but not limited to, any and all liabilities, obligations and duties of

---

* We do not consider Smith's argument that the Frieds' appeal is not timely. That argument was the subject of Smith's motion to dismiss which was denied by this Court.

[Smith]," when read together, are susceptible of more than one meaning and, therefore, are ambiguous. I do not agree. I think the second phrase merely expands and clarifies the first by plainly stating that the terms in the first phrase *include* any and all liabilities, obligations, and duties of Smith to the Frieds.

I agree with the majority that "it is not the province of this Court to rewrite contractual language." However, by ignoring the clear language in the release and thereby refusing to give that language its plain meaning, I think the majority has rewritten contractual language. Accordingly, I would affirm the trial court's judgment.