## CIRCUIT COURT OF LOUDOUN COUNTY

Otto G. Hall
and Esther P. Hall

v.

Hessick, Inc.

### Case No. (Law) 13054

Hessick, Inc.

v.

Otto G. Hall
and Esther P. Hall

### Case No. (Chancery) 14262

BY JUDGE THOMAS D. HORNE

### March 29, 1993

The Court will deny the motion for summary judgment. Based upon a review of the pleadings, including the affirmative defense of failure of consideration and amended special plea of statutory recoupment (§ 8.01–422, Code of Virginia), the Court is of the opinion that sufficient facts relative to the issues raised in defense, including alleged ambiguities in the contract of sale, remain in dispute to thus deny the motion at this time and to permit discovery to proceed. Plaintiffs may raise the motion at the conclusion of discovery should they be so inclined.

May 25, 1993

At the pretrial conference in this case, the Court invited counsel for the Defendant to respond to the Court's inquiry concerning the issue of the admissibility of parol evidence to explain what it contends are ambiguities in the contract of sale for the property which is the subject of these proceedings. When first raised in Plaintiff's Motion for Summary Judgment, the Court by letter opinion informed counsel *inter alia* that it deemed sufficient facts to have been pleaded to raise the issue so as to withstand that motion.

Thus, when this issue was raised again by the Court at the pretrial conference, counsel for the Defendant was granted additional time within which to clarify his position as to why parol evidence would be admissible to determine the intent of the parties based upon alleged ambiguities in the contract. Rule 4:13, Rules of the Supreme Court of Virginia. To the extent that the Order prepared by Mr. Cameron would limit the nature of the response by Mr. Congdon to provisions of the contract, not previously addressed in argument before the Court, it should be modified to reflect that the response might include any suggested ambiguities in the contract. The Court merely afforded Mr. Congdon the opportunity to expand upon his previous arguments concerning purported ambiguities in the contract and the admissibility of parol evidence to vary the express terms of the contract.

Having considered the additional arguments of counsel, the Court is of the opinion that the terms of the contract are clear and unambiguous and that parol evidence may not be introduced to vary the terms of the contract.

The release from liability in the instant case is distinguishable from the contractual release language found by the Supreme Court to have been ambiguous in *Fried v. Smith*, 244 Va. 355 (1992). As the Court noted in *Fried*:

> The word [liability] is a broad legal term. It has been referred to as of the comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent, or likely. *Fried*, at 358.

In the instant case, the only limitation on the liability of the sellers which can be reasonably inferred from the language of the sales contract relates to the issue of title which would run with the deed of conveyance. There is no ambiguity suggested by the contract, such as

was present in *Fried,* as might require evidence to determine the intent of the parties relative to whether the release was to operate only as to past acts or was to apply prospectively.

June 17, 1993

This cause came to be heard on Plaintiff's Motion for Summary Judgment. For the reasons hereinafter stated, the Court will grant the motion.

Plaintiffs conveyed to the Defendant certain property used for the storage of petroleum products. Pursuant to the purchase contract, Defendant executed a note, secured by a deed of trust, in partial payment for the property. Upon learning of contamination of the property and of the costs of remediation, Defendant stopped making payments on the note. Plaintiffs have elected not to exercise their right to foreclose and have, instead, instituted the instant action at law to collect the deficiency owed on the note. In a letter opinion dated May 25, 1993, this Court ruled that the terms of the contract of purchase are clear and unambiguous, and, accordingly, parol evidence may not be introduced to vary or explain the terms of the contract. The parties have stipulated that the Plaintiffs are guilty of neither actual or constructive fraud in connection with the transfer of the real property in issue in this case.

The contract of purchase contained language releasing the plaintiffs from any liability concerning the property upon settlement. By this handwritten addition to the standard boilerplate contract for purchase, defendant agreed to assume at settlement all liabilities in connection with the property.

Defendant has raised by way of a special plea a failure of consideration because of the post-settlement discovery of the contamination of the property, and concomitant costs of remediation, which have rendered the property worth considerably less than what they paid for it. They have filed a tender of the property to the plaintiffs in settlement of the obligation owed on the note.

Defendant relies upon the general principle of law that a failure of consideration exists when one who has either given or promised to give some performance, fails, through no fault of his own, to receive the agreed exchange for that performance. *Wallinger v. Kelly,* 136 Va. 547, 117 S.E. 850 (1923). *Wallinger,* however, is inapposite to the facts of this case. In *Wallinger,* the defendant raised by way of a plea of set off to an action on the note that there had been a failure of

consideration. The consideration said to have failed was the unfulfilled promise of the assignor of the plaintiff to provide employment as well as stock in exchange for the notes of the defendant.

In the instant case, as in the authorities relied upon by the plaintiff, the contract has been fully executed. Defendant received the property that was the subject of the contract of purchase. It got what it bargained for. Furthermore, Defendant had been in possession of this property since 1980 by virtue of a leasehold. It was not until 1987 that it entered into the contract of purchase. During this time defendant used the underground storage tanks on the property to store petroleum products.

Assuming that there is a gross disparity between the sale price of the property and the *post hoc* valuation determined with the benefit of a soil analysis, the contract of purchase would still be valid. As noted earlier, this was an arms-length business transaction. Defendant had been in possession of the premises for a considerable period of time prior to settlement. It has been stipulated between the parties that Plaintiff was guilty of neither actual or constructive fraud in the negotiation of the contract of sale. "Mere failure of consideration or want of consideration will not ordinarily invalidate an executed contract. The owner of the historic estate . . . can give it away, and he can sell it for a peppercorn. Courts, though they have long arms, cannot relieve one of the consequences of a contract merely because it was unwise." *Carter v. Carter*, 223 Va. 505, 510 (1982), quoting *Planters Nat. Bank v. E. G. Heflin Co.*, 166 Va. 166, 173 (1936). *See also, Jackson v. Seymour*, 193 Va. 735 (1952). Absent some showing of other circumstances, the Defendant would be entitled to relief in this case only if it were to prove that the consideration was so grossly inadequate as to shock one's conscience, and then only because *it is evidence of fraud and undue influence* (emphasis added). *Payne v. Simmons*, 232 Va. 379 (1986). The facts as stipulated belie such an inference. Accordingly, summary judgment will be entered for the Plaintiffs on the special plea filed by the Defendant.

There are no material issues of fact in dispute in this case. Because Hessick admitted not making payments under the terms of the Deed of Trust note since September, 1990, summary judgment will be entered for the Plaintiffs for the amount sued for plus interest at 10 percent per annum and reasonable attorneys fees to be set by the Court upon the submission of an appropriate affidavit by counsel.

82

August 19, 1993

This case came to be heard on the demurrer of Otto G. Hall and Esther P. Hall to the Amended Bill of Complaint for rescission and for other relief (Chancery 14262) and their Demurrer and Motion to Strike filed in response to Hessick's second Amended Plea for Statutory Recoupment.

The background of this controversy has previously been summarized in the letter opinion of this Court dated June 17, 1993. In its plea of statutory recoupment Hessick contends that as a result of a mutual mistake of fact concerning environmental contamination of the property conveyed by the Halls, it is entitled to a reduction on the balance of an outstanding note given in exchange for the property. In the alternative, they assert that as a result of such mutual mistake, they are entitled to recovery against the Halls for the amount by which the property's value has been reduced as a result of such environmental damage.

Without restating the prior rulings of the Court, reflected in earlier letter opinions, it is clear that the only remedy available to Hessick is that of rescission based upon its allegation of mutual mistake of fact. Such relief may not, as Hessick asserts, be raised by way of a special plea of statutory recoupment. *Mundy v. Garland*, 116 Va. 922 (1914); § 8.01–422, Code of Virginia, as amended. Accordingly, the Court will sustain the demurrer to the special plea and strike the Amended Grounds of Defense.

Consistent with the prior pretrial rulings in this case, the Court will sustain the demurrer as to Counts II, III and IV of the Amended Bill of Complaint. The Court has previously determined that the language of the contract is clear and unambiguous with respect to the limitation of the Halls' liability in this case.

However, the Demurrer to Count I of the Amended Bill will be overruled. In order to receive relief by way of rescission, Hessick must demonstrate by clear and convincing evidence the existence of a mutual mistake of fact material to the conveyance of the property. On demurrer, the Court must not only consider the facts expressly alleged but those facts which may be fairly inferred or implied from the pleadings. *Rosillo v. Winters*, 235 Va. 268 (1988). In paragraph 18 of the Amended Bill, Hessick alleges that on the date of the execution of the contract, the parties "mistakenly assumed that the property was not

contaminated." As counsel for the Halls have noted in their papers filed in this case, a party bears the risk of mistake when:

> (a) the risk is allocated to him by agreement of the parties, or
>
> (b) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or
>
> (c) the risk is allocated to him by the Court on the ground that it is reasonable in the circumstances to do so.

*Restatement of Contracts, 2d*, § 154.

Parol evidence may properly be considered in determining whether a mutual mistake material to the understanding of the parties will justify rescission. While the express words of the agreement may create substantial problems of proof for Hessick, they are not such as to make this case subject to determination on the pleadings. One may reasonably infer from Hessick's pleadings that they contend that what the parties intended was to convey a piece of property free of environmental contamination rather than just a piece of property. Put another way, Hessick may seek prove that the parties acted from unconscious ignorance rather than conscious ignorance in the sale of this property. Were Hessick to have entered into this contract in a state of conscious ignorance, it would be precluded from recovery. See discussion, *Matter of Westinghouse Elec. Corp., Etc.*, 517 F. Supp. 440, 458 (E.D. Va. 1981). Hessick must bear the risk of a mistake which it made in acquiring the property if the condition of the property was not a mutual underlying assumption upon which the sale was predicated.