## CIRCUIT COURT OF FAIRFAX COUNTY

Net Connection

v.

GWBEH, L.L.C.

March 8, 2005

Case No. (Law) 225337

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on Defendant's Demurrer pursuant to Plaintiff's Motion for Judgment on a claim of assumpsit.

The Court now has considered the briefs submitted as well as the oral arguments of both parties and, for the reasons set forth below, the Court finds that the Statute of Frauds does not apply to the contract in dispute. Therefore, the Court overrules the Defendant's Demurrer upon this ground.

### Facts

Defendant owed certain monies to numerous creditors. These creditors assigned to Plaintiff the right to collect from Defendant. Plaintiff comes now as a creditor and assignee to demand payment from Defendant of certain monies owed. Plaintiff alleges that Defendant has paid $538,136.34 of the total $585,526.82 that was owed, leaving a balance due of $47,390.48. In the alternative, Plaintiff alleges that Defendant still owes $387,390.48 if Defendant continues to maintain that such a sum of $538,126.34 was not paid to Plaintiff.

On January 21, 2005, Defendant demurred to the Motion for Judgment on grounds of misjoinder of claims and the Statute of Frauds. Defendant withdrew its demurrer on the grounds of misjoinder but awaits the ruling of this Court on the Statute of Frauds.

The Defendant asks this Court to sustain its demurrer as to Plaintiff's Motion for Judgment because Plaintiff fails to state whether the debts owed by Defendant were set out by verbal or written contract. The Defendant suggests that, if the loans arose from an oral agreement, then the viability of these alleged loans are subject to the Statute of Frauds, while the Plaintiff avers that the Statute of Frauds does not apply to the loans because the money has already transferred hands to the borrower, thereby relying on past partial performance to require full enforcement of the agreement.

*Analysis*

The Court finds that the Statute of Frauds does not apply to this case, whether Plaintiff alleges an oral or written contract, because Plaintiff's Motion for Judgment alleges partial performance of the contract, a bar to the defense of the Statute of Frauds.

"A demurrer admits the truth of all material facts properly pleaded." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). In applying this rule, "the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may fairly and justly be inferred from the facts alleged." *Id.* Thus, the proper inquiry for the court is whether the bill states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). "The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff." *Fried v. Smith*, 244 Va. 355, 358, 421 S.E.2d 437, 439 (1992) (citations omitted).

While the Statute of Frauds is most frequently raised by a Plea in Bar, there is authority that a defense of the Statute of Frauds may properly be raised on demurrer when the Motion for Judgment "sets out a verbal contract which the Statute requires to be in writing and bases the right to recover upon the breach of that contract." *Matthews v. Hileman*, 11 Va. L. Reg. 46 (Va. Cir. 1905). In Matthews, the Plaintiff sought to enforce an oral contract that Defendants refused to acknowledge. Judge Anderson held that the Plaintiff must allege facts that take the claim outside the confines of the Statute, otherwise, the Plaintiff has failed to state a cause of action. *Id.* at 48. In examining the analysis of Judge Anderson, the Court finds this analysis persuasive and, therefore, notes that the Defendant properly raised the defense of Statute of Frauds on demurrer.

The Statute of Frauds seeks to prevent injury from fraudulent conduct perpetrated by a party to a contract against the other party. The Statute exists as a mandate of public policy to prohibit enforcement of pretend agreements by perjury, but is limited when the Statute could serve to perpetrate a fraud by enforcement of the Statute. *Reynolds v. Dixon*, 187 Va. 101, 106, 46 S.E.2d 6, 10 (1948). To this end, Va. Code Ann. § 11-2(9) requires Plaintiff to submit written evidence to maintain an action "upon any agreement or promise to lend money or extend credit in an aggregate amount of $25,000.00 or more."

As interpreted, the Statute applies to agreements to lend money, not agreements where money has already been extended. *See Charles E. Brauer Co. v. NationsBank*, 251 Va. 28, 466 S.E.2d 382 (1996). The Statute looks only to future loans because it would otherwise apply to contracts partially performed when money already changed hands. If the Statute of Frauds applied to contracts partially performed, then its application could perpetrate a fraud because it could deny the thing bargained for by the party seeking performance when consideration had already changed hands. *See Brooks v. Roanoke County San. Auth.*, 201 Va. 934, 114 S.E.2d 758 (1960).

The Supreme Court of Virginia holds partial performance to be sufficient to take the case out of the Statute of Frauds when the performance is a definite and unequivocal act of the party relying on the contract, such that the agreement would not have been done. *Pair v. Rook*, 195 Va. 196, 77 S.E.2d 395 (1953). In this case, the Motion for Judgment alleges that monies have already been extended to the Defendant. These monies represent partial performance because a loan, by definition, is the act of extending money to another. Furthermore, the creditor would not have extended credit if it did not expect payment with interest in return. Therefore, as an assignee of creditors' rights to Defendant's debt, the Plaintiff relied upon the agreement of loan repayment when it purchased those rights.

## Conclusion

For the reasons state above, this Court holds that the Defendant's demurrer as to the defense of the Statute of Frauds, is overruled.