## CIRCUIT COURT OF NELSON COUNTY

Lois Bennett et al.

v.

Nelson County
Board of Supervisors

March 20, 2007

Case No. CL06000271-00

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the motions for summary judgment in the above case. In this regard, I overrule the motion for partial summary judgment filed by the plaintiff. I grant the motion for summary judgment of the defendant.

The Nelson County Board of Supervisors ("Board") paid the legal fees and expenses of Thomas D. Harvey, North District Supervisor, pursuant to the authorization set forth in § 15.2-1521. The plaintiffs have filed a complaint pursuant to Va. Code § 15.2-1245 requesting that the court disallow all or part of the attorney's fees and costs the Board resolved to pay on behalf of Harvey.

In their motion for partial summary judgment, the plaintiffs assert that Va. Code § 15.2-1245 requires that an affidavit be submitted to support a claim pursuant to Va. Code § 15.2-1521. Harvey did not file an affidavit to support the claim for attorney's fees and expenses.

The motion for partial summary judgment of the plaintiffs is overruled because Va. Code § 15.2-1245 is not applicable to Va. Code § 15.2-1521.

Va. Code § 15.2-1245 is a part of §§ 15.2-1243 through 15.2-1249 that address the payment of "claims" received by the Board of Supervisors. Va. Code § 15.2-1521 merely grants to the Board the discretion to reimburse a supervisor for legal fees and expenses incurred in the defense of an investigation or charge in a criminal matter. In the context of a predecessor

statute to § 15.2-1243 *et seq.*, the Supreme Court of Virginia has defined a claim as "a call upon a board to pay an amount alleged to be due." *Stamie Lyttle Co. v. County of Hanover*, 231 Va. 21, 26, 341 S.E.2d 174, 178 (1986). The court further notes (Footnote 4) that a "claim" is "an authoritative or challenging request," "a demand of a right or supposed right," or "a calling on another for something due or supposed to be due." (Citing *Webster's 3rd New International Dictionary* 414 (1981)); *Id.* 231 Va. at 226, 341 S.E.2d at 178.

Based on the above, a claim presupposes a right to payment for something that is due. On the other hand, payment of legal fees and expenses under Va. Code § 15.2-1521 is merely discretionary. It is not the payment of something which is rightfully due.

Claims made under Va. Code § 15.2-1243 *et seq.* are reviewable under Va. Code § 15.2-1245(B). No such review is provided under Va. Code § 15.2-1521.

Because Va. Code § 15.2-1521 grants discretion to the Board to pay legal fees and expenses, and does not provide for review by the circuit court, the court does not have the authority to review this action by the Board of Supervisors. Accordingly, the motion for summary judgment of the defendant must be granted.

The plaintiffs argue that, notwithstanding whether the provisions of § 15.2-1245 are applicable to the payment of legal fees under § 15.2-1521, the circuit court still has the authority to review actions of the Board under Va. Code § 15.2-1404. This code section provides that "[E]very locality may sue or be sued in its name in relation to all matters connected with its duties." This statute is more a provision on how a county is sued as opposed to the types of actions that can be brought against the county. It grants the authority to bring an action against a county only in cases where that action is otherwise granted. For instance, a county may be sued on contractual obligation, *Mann v. Arlington County Bd.*, 199 Va. 169, 98 S.E.2d 515 (1957); a county may be sued on an inverse condemnation action, *Nelson County v. Coleman*, 126 Va. 275, 101 S.E.2d 413 (1919); however, a county cannot be sued on a personal injury action, *Fry v. County of Albemarle*, 86 Va. 195, 9 S.E. 1004 (1889). If Va. Code § 15.2-1404 allowed a locality to be sued in any matter involving its duties, then any budget decision or appropriation would be subject to review by the courts. Ultimately, courts would become the governing body and separation of powers of the judicial and legislative branch would cease to exist.