## L. MARIE WOLFE, ADMINISTRATRIX OF THE ESTATE OF ROBBIE SHAWN WOLFE

### V.

### FREDERICK L. BAUBE, III, ET AL.

Record No. 901230

April 19, 1991

Present: Carrico, C.J., Stephenson, Russell, Whiting, Lacy, and Hassell, JJ., and Poff, Senior Justice

*William F. Wall* for appellant.

*Michael L. Zimmerman (Brault, Palmer, Grove & Zimmerman,* on brief), for appellee Frederick L. Baube, III.

No brief or argument for St. Paul Guardian Insurance Company.

JUSTICE STEPHENSON delivered the opinion of the Court.

The dispositive issue in this appeal is whether the evidence supports a jury finding that the plaintiff's decedent was guilty of willful and wanton negligence.

L. Marie Wolfe, administratrix of the estate of Robbie Shawn Wolfe (the administratrix), sued Frederick L. Baube, III, for the alleged wrongful death of the administratrix's 18-year-old son, Robbie Shawn Wolfe (Wolfe). A jury, finding that both Baube and Wolfe were guilty of willful and wanton negligence, returned a verdict in Baube's favor.[1] The trial court entered judgment for Baube, and the administratrix appeals.

Wolfe died from injuries sustained in an automobile collision on Route 50, a limited-access highway in Arlington County. The ac-

---

[1] Without objection, the trial court directed the jury to return a special verdict.

cident occurred shortly before 1:00 a.m. on November 13, 1986. The portion of the highway where the accident occurred is straight and relatively level and contains six lanes of travel—three lanes on each side of double, solid yellow lines. The night was clear, visibility was good, the surface of the highway was dry, and traffic was relatively light. The speed limit was 45 miles per hour.

Immediately prior to the collision, Wolfe was driving his automobile eastbound, and Baube was driving his van westbound. Another vehicle, also traveling eastbound, was operated by Michael Clark.

Clark testified that he was driving his automobile in the right, eastbound lane when he observed ahead of him "a dark rectangular object," without lights, in the left, eastbound lane. Clark thought that the object was traveling eastbound. The object, however, was Baube's van, traveling westbound in the left, eastbound lane, with no lights on.

Clark then saw Wolfe's car pass him in the left, eastbound lane. Clark estimated that the Wolfe vehicle was traveling at a speed of 80 to 85 miles per hour. Immediately thereafter, the brakes on Wolfe's vehicle were applied suddenly, and Wolfe moved to the center, eastbound lane.

Baube's vehicle also moved to the center, eastbound lane where the two vehicles collided almost head-on. Clark slammed on his brakes but was unable to stop his vehicle before it collided with the rear of Wolfe's car.

An investigating police officer testified concerning physical evidence discovered at the accident scene. The officer found a yaw, or scuff, mark made by Wolfe's vehicle that commenced 288 feet before the point of impact. The right, front tire of Wolfe's car left a skid mark of 126 feet to the point of impact. These marks showed that Wolfe's car moved in a straight line, diagonally from the left, eastbound lane into the center, eastbound lane, and they corroborated Clark's recollection of the accident. Over the administratrix's objection, the officer was allowed to testify that, at impact, Wolfe's car was traveling at a minimum of 53.67 miles per hour and at a maximum of 60.55 miles per hour.[2] Baube's vehicle left no skid marks.

---

[2] The administratrix has assigned error to the admission of this evidence. In view of the decision we reach, however, we do not address this issue.

Baube admitted to a nurse in the hospital to which he was taken that, during a period of several days immediately prior to the accident, he had consumed "a whole lot" of alcohol. When the collision occurred, Baube "had a beer in [his] hand." After the accident, Baube's blood alcohol level was 0.18% by volume. Baube stipulated that he had pled guilty to driving under the influence of alcohol.

Under the general rule, a defendant who is willfully and wantonly negligent cannot rely upon a plaintiff's contributory negligence as a defense. *Thomas* v. *Snow*, 162 Va. 654, 660-61, 174 S.E. 837, 840 (1934). This rule, however, is subject to the exception that, when a plaintiff also is guilty of willful and wanton conduct, such conduct bars a recovery. *Griffin* v. *Shively*, 227 Va. 317, 322, 315 S.E.2d 210, 213 (1984). Thus, because Baube was guilty of willful and wanton negligence,[3] he cannot rely upon contributory negligence as a defense unless Wolfe's conduct also amounts to willful and wanton negligence.

In *Griffin*, we said that "[w]illful and wanton negligence is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id.* at 321, 315 S.E.2d at 213. Willful and wanton negligence is greater in degree than gross negligence,[4] "particularly in the sense that in [willful and wanton negligence] an actual or constructive consciousness of the danger involved is an essential ingredient of the act or omission . . . ." *Boward* v. *Leftwich*, 197 Va. 227, 231, 89 S.E.2d 32, 35 (1955).

The administratrix contends that the trial court erred in submitting to the jury the issue whether Wolfe was guilty of willful and wanton negligence. Stated differently, she contends that, as a matter of law, Wolfe was not willfully and wantonly negligent. We agree.

Immediately before Wolfe passed Clark's vehicle, Clark could discern only a "dark rectangular object" ahead of him.

---

[3] This ruling is not challenged in this appeal.

[4] We have defined gross negligence as "that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of [another]. It must be such a degree of negligence as would shock fair minded men although something less than willful recklessness." *Ferguson* v. *Ferguson*, 212 Va. 86, 92, 181 S.E.2d 648, 653 (1971) (emphasis omitted).

When it became apparent to Clark, and presumably to Wolfe, that a westbound vehicle (Baube's), without lights, was approaching in an eastbound lane, Wolfe immediately took evasive actions by applying the brakes and turning his vehicle to the right. Consequently, rather than showing a conscious disregard of the rights of others when he became aware of the condition Baube created, Wolfe did what a reasonable person would have done under the circumstances to avoid causing injury to another.

Unquestionably, the evidence shows that Wolfe was negligent, and perhaps grossly negligent. The evidence, however, does not support a finding that Wolfe's excessive speed, under the circumstances of this case, constituted negligence so willful, wanton, and reckless as to evince a conscious disregard of the rights of others.

While all degrees of negligence ordinarily are issues for a jury, we conclude that, as a matter of law, Wolfe's conduct does not amount to willful and wanton negligence. We think that reasonable minds could not differ on this issue.

Accordingly, we will reverse the trial court's judgment and remand the case for a new trial limited to a determination of the quantum of damages to which the administratrix shall be entitled.

*Reversed and remanded.*