Present: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Carrico, S.J.

CHARLES DAVID WILBY

v.    Record No. 021606

SHEREE T. GOSTEL, ADMINISTRATOR OF THE
 ESTATE OF CARRIE ANNE NEWTON

DANIEL J. MIDDLETON, ET AL.
                                        OPINION BY
v.    Record No. 021646     JUSTICE LAWRENCE L. KOONTZ, JR.
                                       April 17, 2003
SHEREE T. GOSTEL, ADMINISTRATOR OF THE
 ESTATE OF CARRIE ANNE NEWTON

SHEREE T. GOSTEL, ADMINISTRATOR OF THE
 ESTATE OF CARRIE ANNE NEWTON

v.    Record No. 021655

CHARLES DAVID WILBY, ET AL.

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

These appeals arise out of an action for wrongful

death in which the trial court granted partial summary

judgment to one of the defendants on the ground that the

decedent was contributorily negligent as a matter of law.

In companion appeals brought by the defendants, we consider

whether the trial court erred in permitting the

administrator of the decedent's estate to take a voluntary

nonsuit as to all claims alleged in her motion for judgment

after the motion for partial summary judgment had been

granted.  In a separate appeal, the administrator has

assigned error to the trial court's granting the partial summary judgment.

BACKGROUND

We will recite the facts relevant to the motion for summary judgment in the light most favorable to the non-moving party. Slone v. General Motors Corp., 249 Va. 520, 522, 457 S.E.2d 51, 52 (1995). The issue regarding the nonsuit presents a question of law, and as such we review the record on appeal under a de novo standard. Transcontinental Insurance Co. v. RBMW, Inc., 262 Va. 502, 514, 551 S.E.2d 313, 319 (2001).

On March 8, 2000, Carrie Anne Newton ("Newton") had an argument with Charles David Wilby ("Wilby"), her boyfriend, at the apartment that the couple shared in Henrico County. Both Newton and Wilby had been consuming alcohol. At some point that day, Wilby left the apartment and got behind the wheel of a van parked outside. The van was owned by Middleton Heating & Air, Inc., Wilby's employer.

Newton followed Wilby to the van, and stepped onto its front bumper so that she was positioned facing Wilby behind the wheel. Although the parties dispute whether the van was moving at the time Newton stepped onto the bumper, Wilby subsequently caused the van to travel forward at a speed of up to 25 miles an hour, and then to decelerate

rapidly. Newton was thrown from the front of the vehicle and sustained fatal injuries.

Sheree T. Gostel ("Gostel"), the administrator of Newton's estate, filed a motion for judgment on November 17, 2000, in the Circuit Court of Henrico County. The first count of the motion for judgment alleged that Wilby "operated the van while and despite the fact that Newton was standing on the bumper of the van," and, thus, was responsible for the wrongful death of Newton as a result of his "negligent operation of the van." It was alleged further in the same count that "Wilby's actions constituted . . . willful and wanton conduct and demonstrate such recklessness as to evince a conscious disregard for the rights of others." The second count alleged that Wilby's failure to render assistance to Newton after she was injured also constituted negligent and willful and wanton conduct proximately contributing to Newton's death.

The motion for judgment also named Middleton Heating & Air, Inc. and Daniel J. Middleton, the owner and operator of that company, as defendants (collectively "Middleton") in the third count. This count alleged that Middleton was liable for Wilby's actions under a theory of negligent entrustment. All defendants filed answers to the motion

3

for judgment denying liability and asserting the affirmative defense of contributory negligence.

In response to requests for admission from Middleton, Gostel admitted that Newton "had used intoxicants on the night of March 8, 2000" and had voluntarily "climbed onto the van operated by" Wilby. In response to requests for admission from Wilby, Gostel denied that Newton had "jumped" onto the van and denied that "the van being operated by Charles David Wilby was moving" at the time she stepped onto the bumper of the vehicle.

On October 15, 2001, Wilby filed a motion for summary judgment asserting that the admissions made in response to Middleton's discovery established that Newton was contributorily negligent in causing her death and sought dismissal of the motion for judgment on that ground. Gostel filed a brief opposing the motion for summary judgment, contending that neither consuming intoxicants nor stepping onto the bumper of a vehicle constituted negligence per se and that a jury should decide the matter.

On October 26, 2001, the trial court held a hearing on Wilby's motion for summary judgment. At that hearing, Wilby contended that Gostel had admitted that Newton had climbed onto a moving vehicle because the admission stated that the vehicle was "operated by" Wilby. Gostel contended

4

the admission was only that Wilby operated the vehicle at some point, but that this did not necessarily mean that the vehicle was moving when Newton climbed onto it. Gostel noted that she had specifically denied that the van was moving when Newton stepped onto its bumper. The trial court observed that "the fact . . . missing is that the van was moving. See there is nothing in these admissions that says the van was moving." The trial court took the matter under advisement.

In an opinion letter dated November 6, 2001, the trial court stated that "[t]he admissions in the pleadings show that Ms. Newton was negligent as a matter of law . . . [because the] Motion for Judgment states that she was standing on the bumper of Mr. Wilby's van while Mr. Wilby operated it." The trial court further opined that the conclusion that Newton was negligent "does not end the case, because plaintiff alleges 'willful and wanton' conduct by Mr. Wilby." The trial court directed counsel for Wilby to "submit an Order for partial summary judgment on the issue of Ms. Newton's contributory negligence, preserving the remaining issues for trial."

On January 14, 2002, the trial judge entered an order granting partial summary judgment to Wilby, finding that Newton was contributorily negligent as a matter of law

based upon the rationale stated in the November 6, 2001

opinion letter.  The order further stated that "there

remain for trial material issues of fact respecting Wilby's

conduct, whether it was 'willful and wanton', and whether

Wilby can rely upon Newton's contributory negligence as a

defense under Wolfe v. Baube, 241 Va. 462 (1991)."

Also on January 14, 2002, Gostel filed a motion for a

nonsuit as to the claim asserted against Middleton.[1]  On

January 24, 2002, Gostel filed a motion for a nonsuit as to

the claims against Wilby.  In response to the motion for

nonsuit against him, Wilby proffered a draft order that

would grant the nonsuit, but expressly preserve the trial

court's ruling that Newton was contributorily negligent,

---

[1]Middleton did not join in Wilby's motion for summary judgment, and the trial court's January 14, 2002 order did not award judgment to Middleton on the issue of Newton's contributory negligence.  Middleton did not independently seek a determination of whether Newton's contributory negligence would bar recovery on the claim of negligent entrustment.  Accordingly, the trial court did not address that issue.  Whether contributory negligence by the plaintiff will bar recovery under a claim of negligent entrustment where the entrustment resulted in either simple negligence or in willful and wanton negligence by the bailee has not been addressed in Virginia.  We need not resolve that issue in this appeal.  But see, e.g., Keller v. Kiedinger, 389 So.2d 129, 133 (Ala. 1980) ("In cases of negligent entrustment, as in any negligence case, the defense of contributory negligence reflects the strong public policy that one should not benefit from his own negligence").

and limit any refiling by Gostel to "the causes of action that survived" the January 14, 2002 order.[2]

Thereafter, Gostel filed a motion to reconsider the January 14, 2002 order, and in the same pleading stated her objections to the language in Wilby's draft order of nonsuit.  On April 19, 2002, the trial court entered a final order denying Gostel's motion to reconsider.  In addressing the nonsuit issue, the trial court determined that the holding of Dalloul v. Agbey, 255 Va. 511, 515, 499 S.E.2d 279, 282 (1998), relied upon by Wilby and Middleton, was inapplicable to its January 14, 2002 ruling, because the granting of "partial summary judgment in favor of the defendants did not dismiss any claim(s) or count(s) with prejudice."  Accordingly, the trial court awarded Gostel a nonsuit on all claims.  These appeals followed.

DISCUSSION

We awarded appeals to Wilby and Middleton on the following assignment of error:

> The trial court erred in the entry of its Order of April 19, 2002 when it granted the plaintiff's request to suffer a voluntary nonsuit as to all counts and claims in her Motion for Judgment including the plaintiff's claim for negligence that was resolved by partial summary judgment in the Court's Order of January 14, 2002.

---

[2]The draft order was not made a part of the record, but the trial court quoted from it in its final order.

7

We also awarded an appeal to Gostel to consider whether the trial court erred in finding that Newton was contributorily negligent as a matter of law. However, any consideration of the issue raised by Gostel in her appeal necessarily is contingent upon our first finding that the trial court erred in not limiting the nonsuit order. This is so because an appeal from a nonsuit order is limited to resolving disputes regarding the propriety of granting the nonsuit. Otherwise, a nonsuit order is not an appealable order. McManama v. Plunk, 250 Va. 27, 32, 458 S.E.2d 759, 761 (1995). Thus, only if we conclude that the trial court erred in not preserving within the nonsuit order the ruling that Newton was contributorily negligent will we be able to reach the issue of whether that ruling was proper. See Dalloul, 255 Va. at 514-15, 499 S.E.2d at 281-82. For this reason, we will consider the issue raised in the Wilby and Middleton appeals first.

Code § 8.01-380, which governs the right of a plaintiff to take a voluntary nonsuit, provides, in pertinent part, that:

> A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he has done so before a motion to strike the evidence has been sustained or before the jury retires

8

from the bar or before the action has been submitted to the court for decision.

In Dalloul, we held that "'the action' subject to a plaintiff's nonsuit request is comprised of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case." 255 Va. at 514, 499 S.E.2d at 281. In that case, the trial court entered an order dismissing with prejudice four of six counts of a motion for judgment.[3] Subsequently, the trial court entered a voluntary nonsuit order as to the entire case, overruling the defendants' request to limit the nonsuit order to the two remaining counts. Reversing that judgment, we concluded that "when the trial court dismissed with prejudice Counts III through VI, the respective defendants obtained a final disposition of those counts that was adverse to Agbey and was res judicata as to those claims . . . . Thus, when Agbey requested the nonsuit, Counts I and II were the only claims remaining in the action." Id. at 514-15, 499 S.E.2d at 281-82.

Wilby's motion for summary judgment was premised upon Newton's contributory negligence being an absolute bar to

---

[3]A seventh count of the motion for judgment dismissed in a prior ruling was not at issue in the subsequent appeal.

recovery by the administrator of her estate for any liability arising from his actions. However, as the trial court noted, if the evidence were to show that Wilby's conduct rose to the level of willful and wanton negligence, he could not rely upon Newton's contributory negligence as a defense unless Newton's conduct also rose to that level of negligence. Wolfe v. Baube, 241 Va. 462, 465, 403 S.E.2d 338, 339 (1991). "Willful and wanton negligence is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." Griffin v. Shively, 227 Va. 317, 321, 315 S.E.2d 210, 213 (1984).

Nonetheless, Wilby and Middleton assert that the trial court erred in ruling that Dalloul did not require a limitation on the nonsuit order in this case. This is so, they contend, because the claims of negligence and willful and wanton conduct contained in both count 1 and count 2 of the motion for judgment qualify as separate "claims." Thus, they contend that when the trial court found as a matter of law that Newton was contributorily negligent, Gostel's "claim" for liability premised on Wilby's simple

_____

10

negligence was resolved adverse to her and was barred by the doctrine of res judicata, just as the claims in Dalloul had been resolved adverse to the plaintiff in that case. We disagree.

In Dalloul, each count of the motion for judgment contained a separate claim based upon a distinct theory of liability. 255 Va. at 512, 499 S.E.2d at 280. The trial court's dismissal of those counts eliminated entirely from the case those theories of liability and the evidence that would have been adduced thereon. Here, by contrast, the trial court's ruling did not eliminate either count 1 or count 2 or otherwise limit the evidence that would be relevant to the resolution of the claims made in those counts.

The claims made in count 1 and count 2 of the motion for judgment relate to Wilby's liability for his conduct. Gostel alleged that this conduct was "negligent" and also that it was "willful and wanton." However, these two allegations do not represent separate claims or theories of liability. Rather, in this context, negligent conduct and willful and wanton conduct merely refer to different degrees of proof that can be applied to the same theory of liability. As we have previously explained:

11

Willful and wanton negligence is one of three levels of negligence. Simple negligence is the failure to use the degree of care an ordinary person would exercise to avoid injury to another. The second level of negligence, gross negligence, is action which shows indifference to others, disregarding prudence to the level that the safety of others is completely neglected. Gross negligence is negligence which shocks fair-minded people, but is less than willful recklessness. Willful and wanton negligence, the third level, is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another.

Harris v. Harman, 253 Va. 336, 340-41, 486 S.E.2d 99, 101 (1997) (internal citations and quotation marks omitted); see also Alfonso v. Robinson, 257 Va. 540, 545, 514 S.E.2d 615, 618 (1999).

Accordingly, the trial court correctly determined that its ruling on Wilby's motion for summary judgment did not render final judgment on the claims asserted in count 1 and count 2 of Gostel's motion for judgment. Rather, the ruling had the effect of an in limine determination that in the posture of this case Gostel's burden of proof would be to establish willful and wanton negligence. While it was undoubtedly adverse to Gostel, this ruling did not dismiss any count or claim in the motion for judgment, as in Dalloul, and it did not dismiss with prejudice either Wilby or Middleton as parties to the suit. Thus, we hold that

12

Gostel was entitled under Code § 8.01-380 to take a voluntary nonsuit as to her entire cause of action and as to all the defendants.

Having determined that the trial court did not err in entering the nonsuit order without limitation, we hold that the nonsuit order was not a final appealable order with respect to the issue of contributory negligence decided in the motion for summary judgment.  See Spotsylvania County School Board v. Seaboard Surety Co., 243 Va. 202, 220, 415 S.E.2d 120, 130 (1992) (holding that issues raised on demurrer and motion for summary judgment were rendered moot by the taking of a nonsuit).  Accordingly, we will dismiss Gostel's appeal.

CONCLUSION

For these reasons, we will affirm the trial court's judgment entering a voluntary nonsuit as to all counts and claims alleged in Gostel's motion for judgment.

Record No. 021606 – Affirmed.
Record No. 021646 – Affirmed.
Record No. 021655 – Dismissed.

JUSTICE KINSER, dissenting.

I disagree with the majority's conclusion that the trial court's order granting partial summary judgment merely had "the effect of an in limine determination that

13

in the posture of this case [the plaintiff's] burden of proof would be to establish willful and wanton negligence." Rather, I conclude that the ruling was a determination on the merits disposing of the simple negligence claims asserted against one of the defendants, Charles David Wilby.[4]  Therefore, the nonsuit should have been limited to the claims that survived the trial court's award of partial summary judgment.  See Dalloul v. Agbey, 255 Va. 511, 514, 499 S.E.2d 279, 281 (1998).

A party may take a nonsuit as to any cause of action or claim provided the party does so "before the action has been submitted to the court for decision."  Code § 8.01-380(A).  An action is deemed "submitted to the court" when both parties have yielded the issues to the court for consideration and decision.  Liddle v. Phipps, 263 Va. 391, 395, 559 S.E.2d 690, 693 (2002).  A party may not take a nonsuit after the court has announced its decision, Khanna v. Dominion Bank of Northern Virginia, 237 Va. 242, 245, 377 S.E.2d 378, 380 (1989) (holding that the trial court

---

[4] The plaintiff alleged simple negligence as well as willful and wanton negligence with regard to both Wilby's operation of the vehicle (Count I) and his alleged failure to render assistance (Count II).  In a third count, the plaintiff alleged both negligent and willful and wanton entrustment claims against Middleton Heating & Air, Inc. and Daniel J. Middleton.

14

did not err by denying defendant's motion for nonsuit made after the court had granted plaintiff's motion for summary judgment), or reached a final determination regarding any claims or parties to those claims, Dalloul, at 514, 499 S.E.2d at 281.  Instead, " 'the action' subject to a plaintiff's nonsuit request is comprised of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case."  Id. (Emphasis added.)

In this case, Wilby moved for summary judgment on the basis that Newton was contributorially negligent as a matter of law.[5]  Summary judgment exists "to allow trial courts to bring litigation to an end at an early stage when it clearly appear[s] that one of the parties [is] entitled to a judgment in the case as made out by the pleadings and the admissions of the parties."  Kasco Mills, Inc. v. Ferebee, 197 Va. 589, 593, 90 S.E.2d 866, 870 (1956); accord Carson v. LeBlanc, 245 Va. 135, 140, 427 S.E.2d 189, 192 (1993); see also Rule 3:18.  Wilby's summary judgment motion, if it had been granted by the trial court, would have disposed of the entire case as to Wilby.

---

[5] The other two defendants did not join in Wilby's motion for summary judgment.

The court, however, concluded that full summary judgment was not appropriate. In a letter opinion subsequently incorporated in the order granting partial summary judgment, the court found that Newton's negligence was contributory and barred recovery as a matter of law. However, the court recognized that contributory negligence will not bar recovery against a defendant who is willfully and wantonly negligent unless the plaintiff is also guilty of willful and wanton conduct. See Wolfe v. Baube, 241 Va. 462, 465, 403 S.E.2d 338, 339 (1991). The court determined that, while "[the] undisputed facts, Virginia law, [and] argument of counsel" established that Newton was "negligent as a matter of law," the question remained whether Wilby's conduct was "willful and wanton," and "whether Wilby [could] rely upon Newton's contributory negligence as a defense." Thus, the trial court granted "partial summary judgment for Wilby on the issue whether Ms. Newton's conduct was contributory negligence."

Partial summary judgment is "[a] summary judgment that is limited to certain issues in a case and that disposes of only a portion of the whole case." Black's Law Dictionary 1449 (7th ed. 1999). By granting partial summary judgment on the issue of contributory negligence, the trial court decided, on the merits, that portion of the case pertaining

to Wilby's alleged simple negligence and thereby eliminated those claims from the case.  See Litchford v. Hancock, 232 Va. 496, 499, 352 S.E.2d 335, 337 (1987) (plaintiff's negligence that is proximate cause of accident will bar recovery); Watson v. Virginia Elec. & Power Co., 199 Va. 570, 575, 100 S.E.2d 774, 778 (1957) (one who is guilty of contributory negligence that caused injuries is not entitled to recover damages therefor).  Once those simple negligence claims had been disposed of, " 'the action' subject to [the] plaintiff's nonsuit request[,]" with regard to Wilby, consisted of only the claims alleging willful and wanton negligence.  Dalloul, 255 Va. at 514, 499 S.E.2d at 281.  Those were the only claims asserted against Wilby "remaining in the case" after the trial court granted partial summary judgment in his favor.  Id.

The majority's suggestion that the trial court's ruling granting partial summary judgment did not dismiss any "count or claim in the motion for judgment" places form over substance.  It should not matter whether the plaintiff in this case alleged simple negligence and willful and wanton negligence in the same or separate counts.  The fact remains that the order awarding partial summary judgment based on Newton's contributory negligence eliminated the simple negligence claims alleged against Wilby.  The trial

17

court obviously recognized this fact when stating, in its letter opinion, that material issues regarding Wilby's willful and wanton conduct remained for trial.

This Court has defined the term "claim" as " 'an authoritative or challenging request,' " " 'a demand of a right or supposed right,' " or " 'a calling on another for something due or supposed to be due.' " Stamie E. Lyttle Co. v. County of Hanover, 231 Va. 21, 26 n.4, 341 S.E.2d 174, 178 n.4 (1986); see also Black's Law Dictionary 240 (7th ed. 1999) (the term "claim" is defined as "[t]he aggregate of operative facts giving rise to a right enforceable by a court"). The right eliminated by the order granting partial summary judgment was the right to recover damages caused by Wilby's alleged simple negligence. See Woodbury v. Courtney, 239 Va. 651, 654-55, 391 S.E.2d 293, 295-96 (1990) (affirming trial court's grant of partial summary judgment dismissing negligence claim and holding that plaintiff was not entitled to present evidence of negligence during trial on remaining battery claim); see also United Masonry Inc. v. Riggs Nat'l Bank, 233 Va. 476, 484, 357 S.E.2d 509, 514 (1987) (affirming trial court's grant of partial summary judgment to defendant).

For these reasons, I respectfully dissent and would reverse the trial court's judgment sustaining the plaintiff's request to nonsuit all claims alleged in the motion for judgment. Consequently, unlike the majority, I must now address the plaintiff's separate appeal in which she asserts that the trial court erred in finding that Newton was guilty of contributory negligence as a matter of law.

As the trial court noted in its letter opinion and order granting partial summary judgment, the plaintiff admitted that Newton "climbed onto the van operated by Charles David Wilby" and that Newton "had used intoxicants" before doing so. Based on these undisputed facts, I agree with the trial court's determination that Newton was contributorially negligent as a matter of law.

Thus, I respectfully dissent and would reverse the judgments of the circuit court in the appeals filed by the defendants (Record Nos. 021606 and 021646) and affirm the judgment in the appeal filed by the plaintiff (Record No. 021655).