258

**CIRCUIT COURT OF ROANOKE COUNTY**

Laurie Bane,
Administrator

v.

Lynsi Leigh Mayes

July 27, 2004

Case No. CL03-245

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff filed a motion *in limine* to exclude the defenses of contributory negligence and assumption of the risk. Plaintiff's theory of the case is that Defendant teenager, who had a blood alcohol level between .15% and .195%, drove her vehicle in a reckless manner and at a high rate of speed, refused to release her passengers who were begging to be let out of the car, and was involved in a single car wreck that killed one of her passengers. Plaintiff concludes that Defendant's actions amounted to willful and wanton behavior, and as such, she forfeited any chance of raising the defenses of contributory negligence and assumption of the risk. Defendant argues that it makes no difference whether she was guilty of negligence, gross negligence, or willful and wanton behavior. She believes that, if Plaintiff contributed to her own death by her own negligence, or in the alternative, if she knew or should have known that there was a risk of serious injury or death if she rode with the Defendant, but chose to assume that risk and ride with her anyway, then Plaintiff is barred from recovery. The Court denies the motion *in limine* for the following reasons.

## Contributory Negligence

The general rule in Virginia is "that a defendant who is guilty of willful and wanton negligence cannot rely upon contributory negligence as a defense." *Griffin v. Shively*, 227 Va. 317, 322 (1984). *See also Wolfe v. Bane*, 241 Va. 462 (1991). There is, however, an exception to that rule. "[W]hen the plaintiff's contributory negligence itself amounts to willful and wanton conduct, recovery is barred." *Griffin*, 227 Va. at 320. In this case a jury question exists as to Plaintiff's level of negligence. A jury could reasonably conclude that the conduct of both Plaintiff and the Defendant amounted to willful and wanton negligence. If so, Plaintiff would be barred from recovery. However, if the jury finds any lesser degree of negligence, or finds that the Plaintiff's negligence had been superseded by her request to be allowed to remove herself from the Defendant's automobile, then she would not be barred from recovery. Accordingly, Plaintiff's motion *in limine* to prevent the presentation by the Defendant of evidence concerning Plaintiff's contributory negligence is denied.

## Assumption of the Risk

If a person has voluntarily assumed the risk of injury from the behavior of another, regardless of whether that behavior amounts to simple negligence, gross negligence, or willful and wanton behavior, such a person is not entitled to compensation for his injury by the tortfeasor. One of the questions in this case is whether or not Plaintiff voluntarily and intentionally assumed the risk of injury. Another question is whether Plaintiff could have voluntarily assumed the risk of injury but later withdrawn that voluntary assumption of the risk. Each of those issues are jury questions. Those Virginia cases citing *Korzun v. Shahan*, 151 W. Va. 243 (1966), which were argued by counsel for Plaintiff, do not stand for the proposition that assumption of the risk is not a defense to willful and wanton conduct in Virginia. *See Commonwealth v. Milsaps*, 232 Va. 502 (1987) (Poff, J., dissenting), wherein he argues that the majority is wrong in not adopting that concept of law. Therefore, Plaintiff's motion to prevent Defendant's evidence of assumption of the risk is denied.