POLEN, J.
Appellant, Dilcia Osorto, appeals the trial court’s final order granting summary final judgment through a final judgment of foreclosure. We find in favor of Osorto and hold that the trial court granted summary judgment prematurely where there were outstanding discovery requests. As such, we reverse and remand for discovery to be completed.
Deutsche Bank National Trust Company (“Deutsche Bank”) filed a foreclosure suit against Dilcia Osorto after she defaulted on a note and mortgage. Osorto responded by filing a motion to dismiss, alleging that Deutsche Bank lacked standing to bring the foreclosure action because it was not a party to the mortgage which was attached to the complaint. Osorto also alleged that Deutsche Bank did not prove Osorto would be protected against loss that may be incurred through “a claim by another person to enforce the instrument.” Finally, Osorto claimed that the note was a non-negotiable instrument and, therefore, could not be transferred by endorsement. Osorto also filed an answer and affirmative defenses. Her first affirmative defense provided that Deutsche Bank was not in possession of the original promissory note, thus, the action was barred. The second affirmative defense provided that a chain of ownership was not established and that Deutsche Bank never accounted for the missing original note, resulting in a lack of standing for Deutsche Bank to bring the action.
Deutsche Bank filed a motion for summary judgment arguing that, as mortgagee, it had the right to accelerate upon Osorto’s default and that enforcing the note would not affect the rights of other bona fide lenders or purchasers. A summary judgment hearing was held and, at the hearing, Deutsche Bank presented to the court the original note bearing a blank endorsement, along with the mortgage. The trial court entered final judgment of foreclosure, requiring full payment of the principal amount plus interest and costs. In the alternative, if the amounts were not paid, public sale would take place on March 22, 2011. After filing a motion for rehearing, but before a trial court ruling on the motion, Osorto filed this appeal.
“The standard of review of an order granting summary judgment is de novo.” Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009). To be entitled to summary judgment of foreclosure, a “ ‘plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment.’ ” Id.
Osorto argues that the parties were in the middle of discovery at the time the order granting summary judgment was entered. Specifically, Osorto contends that there were outstanding discovery responses as to the original note, mortgage and assignments of the subject note, and the mortgage. Specifically, Osorto argues that the court ordered Deutsche Bank to provide better responses to production of documents and, specifically, to provide the pooling and servicing agreement pinpoint cite. Because a better response was ordered, Osorto concludes that there was outstanding discovery when the motion for summary judgment was granted.
The trial court “should not ... entertain[ ] a motion for summary judgment until ... discovery [is] concluded.” Collazo v. Hupert, 693 So.2d 631, 631 (Fla. 3d DCA 1997). An order granting summary judgment while there is an outstanding request for production of documents is premature and the appellate court should *263 reverse and remand for discovery to be completed. Henderson v. Reyes, 702 So.2d 616, 616 (Fla. 3d DCA 1997). However, if the incomplete discovery will not raise future disputed issues of material fact, summary judgment may be properly granted. Estate of Herrera v. Berlo Indus., Inc., 840 So.2d 272, 272 (Fla. 3d DCA 2003) (holding that summary judgment is proper where “future discovery would not yield any new information that the trial court either did not already know, or needed to make its ruling”).
Here, a motion to compel, which was granted by the trial court, required Deutsche Bank to provide answers for requests seven, nine, ten, and thirteen of Osorto’s requests for production, and to provide pinpoint cites for the pooling and servicing agreement. If the additional discovery would not yield new information, summary judgment would be proper. The motion to compel required Deutsche Bank to actually answer seven, nine, ten, and thirteen, and to provide Osorto with: any agreement containing any obligation to repurchase the loan; originals or best copies of exhibits attached to the pooling and servicing agreement which affect this loan; originals or best copies of all documents concerning the repurchase or reassignment of the loan from the buyer or assign-ee back to the original seller or assignor or to any predecessor of the buyer or assign-ee; and originals or best copies of records concerning the transfer or assignment of the loan.
While Deutsche Bank already provided the pooling and servicing agreement, the information that may be included in the answers to requests for production seven, nine, ten, and thirteen could potentially be material. Where the information contained in outstanding discovery could create genuine issues of material fact, summary judgment would not be proper. Therefore, the trial court erred in its entry of its order because summary judgment is considered premature until all discovery which may yield genuine issues of material fact is complete. As such, we reverse and remand this matter for further proceedings consistent with this opinion.

Reversed and Remanded.

TAYLOR and HAZOURI, JJ„ concur.