DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ESTHER BABANI,**
Appellant,

v.

**BROWARD AUTOMOTIVE, INC.,** d/b/a
**AUDI FORT LAUDERDALE,** a for-profit corporation,
Appellee.

No. 4D21-2694

[September 30, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Giuseppina Miranda, Judge; L.T. Case No. COCE21006831.

Morgan L. Weinstein of Twig, Trade, & Tribunal, PLLC, Fort Lauderdale, Joshua Feygin of Joshua Feygin, PLLC, Hallandale Beach, and Darren Newhart of Newhart Legal, P.A., Loxahatchee, for appellant.

Kenneth L. Paretti of Quinton & Paretti, P.A., Miami, for appellee.

WARNER, J.

Appellant, a leased vehicle customer, appeals from the county court's summary disposition of her complaint against the appellee dealer for damages under section 559.72, Florida Statutes (2019), known as the Florida Consumer Collection Practices Act ("FCCPA"). The court held that Customer could not prove that Dealer had actual knowledge that it was violating a provision of the FCCPA. Because discovery was still outstanding as to Dealer's practices, we reverse.

Customer leased a vehicle and signed two documents. One document was a Retail Lease Order, and the other document was the actual lease. The Retail Lease Order contained a pre-delivery service charge of $798. Immediately underneath the charge appeared the language required by section 501.976(18), Florida Statutes (2019), known as the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"): "This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the

sale." However, on the lease document, the $798 was identified as a "Documentation Fee" and the "Pre-delivery" service charge was marked as "N/A." The demarcation for the pre-delivery service charge was followed by the FDUTPA statutory language.

Customer filed suit alleging that Dealer violated the FCCPA, by collecting an unlawful charge, i.e., the $798, which she claimed was a per se violation of the FCCPA. The FCCPA provides:

> In collecting consumer debts, no person shall:
>
> . . . .
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

§ 559.72(9), Fla. Stat. (2019). Customer claimed that because FDUTPA required the statutory language to appear on all documents where the charge was imposed, and the $798 was improperly designated as a document fee on the lease, FDUTPA was violated, and Dealer had no right to collect the charge.

Customer filed suit in county court under summary rules. No answer was required of Dealer pursuant to those rules, and none was filed. *See* Fla. Sm. Cl. R. 7.090(c). At the court's direction, the parties moved for summary disposition. In its motion, Dealer claimed that it had substantially complied with the FDUTPA and thereby did not violate the FCCPA. Dealer asserted that it had made a bona fide error as a result of computer misalignment in the printing of documents and filed an affidavit of a corporate representative attesting to the computer error.

At the hearing on the motion, Dealer argued that Customer failed to offer any proof that Dealer had actual knowledge of the mistake in the lease, an element required under the FCCPA. Customer responded by advising the court that Dealer could only rely on a bona fide error defense if it maintained procedures adapted to try to prevent such an error. *See* § 559.77(3), Fla. Stat. (2019). Customer also contended that she still had outstanding discovery regarding Dealer's policies and practices which directly related to the bona fide error defense.

Applying Florida Small Claims Rule 7.135, which allows the court to determine whether a triable issue is set forth, the court agreed with Dealer

2

that Customer had failed to offer any proof that Dealer had actual knowledge of the mistake in the presentation of the pre-delivery service charge on the lease document. The court then summarily disposed of the case prompting this appeal.

We reverse because the court should not have entered summary judgment while discovery was outstanding. "Where the information contained in outstanding discovery could create genuine issues of material fact, summary judgment would not be proper." *Osorto v. Deutsche Bank Nat'l Tr. Co.*, 88 So. 3d 261, 263 (Fla. 4th DCA 2012). A trial court should not consider a motion for summary judgment until discovery is concluded. *Id.* at 262. "An order granting summary judgment while there is an outstanding request for production of documents is premature and the appellate court should reverse and remand for discovery to be completed." *Id.* at 262–63 (citing *Henderson v. Reyes*, 702 So. 2d 616, 616 (Fla. 3d DCA 1997)).

Through her discovery requests, Customer sought information as to Dealer's policies and procedures for complying with the FCCPA and how such policies were implemented. As Customer pointed out to the court at the hearing, section 559.77(3) provides that no person can be held liable under the FCCPA "if the person shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error, *notwithstanding the maintenance of procedures reasonably adapted to avoid such error.*" § 559.77(3), Fla. Stat. (2019) (emphasis added). In order for Dealer to rely on the bona fide error defense, it must show that it had policies and procedures to avoid the error.

The court concluded that the discovery was irrelevant to the issue of knowledge. We disagree. The corporate representative's affidavit and the gist of Dealer's claim in the trial court was that an error occurred in the printing. The lease documents were all prepared by Dealer, thus supporting an inference that it knew the content of the documents and the alleged misalignment. The discovery was thus relevant to the issue of a bona fide error defense.

Because outstanding discovery remained as to a disputable issue of knowledge and error by Dealer, the court's grant of summary judgment was premature, and the case should be reversed and remanded for discovery to be completed. *See Osorto*, 88 So. 3d at 263.

*Reversed and remanded for further proceedings.*

KLINGENSMITH, C.J., and CONNER, J., concur.

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*