UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, AtLee and Malveaux
Argued at Richmond, Virginia


MATTAWOMAN ENERGY, LLC

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0896-23-2            JUDGE MARY BENNETT MALVEAUX
                                                    AUGUST 6, 2024

COVE POINT LNG, LP


FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

Anand Ramana (Vedder Price, P.C., on briefs), for appellant.

Robert W. Loftin (Jonathan T. Blank; Kathryn M. Barber; Elizabeth
M. Thomas; McGuireWoods LLP, on brief), for appellee.[1]


Mattawoman Energy, LLC ("Mattawoman") appeals the circuit court's grant of summary

judgment in favor of Cove Point LNG, LP ("Cove Point") on its breach of contract claim against

Mattawoman.  On appeal, Mattawoman asserts that the circuit court: (1) erred when it concluded

that the parties' contract was enforceable as a matter of law; (2) erred when it "made a finding of

disputed fact" as to whether Cove Point reserved the capacity to transport a certain amount of

natural gas on its pipeline for Mattawoman; and (3) abused its discretion when it refused to allow

Mattawoman to conduct discovery relevant to its affirmative defenses.  Because we agree with

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] On September 18, 2023, Cove Point filed a "Motion to File Under Seal Its Brief of
Appellee," asking the Court to allow it to file its brief under seal because the brief contained
"references to confidential facts."  Mattawoman opposed the motion but filed a redacted version
of its reply brief on October 2, 2023.  The two briefs were sealed pending resolution of Cove
Point's motion.  The Court grants Cove Point's motion and its brief will remain under seal.

Mattawoman on its third assignment of error, we reverse the circuit court's judgment and remand for further proceedings.[2]

## I. BACKGROUND

Where a lower court granted summary judgment, appellate review of the facts "is limited to pleadings, orders, and admissions of the parties." *Klaiber v. Freemason Assocs.*, 266 Va. 478, 481 (2003) (quoting *Andrews v. Ring*, 266 Va. 311, 316 (2003)). "[W]e review those portions of the record in the light most favorable to the parties against whom summary judgment was granted." *Id.* at 481-82 (quoting *Wilby v. Gostel*, 265 Va. 437, 440 (2003)). Such review means "accepting as true those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009). Accordingly, we view the record before us in the light most favorable to Mattawoman.

### 1. The Parties' Agreement

Cove Point operates a natural gas pipeline and offers natural gas transportation service to its customers under certain standard form contracts. Mattawoman planned to build an electrical power plant fueled by natural gas. In October 2019, the parties executed an agreement (the "Service Agreement") under which Cove Point agreed to provide natural gas transportation service to

---

[2] Finding this last assignment of error dispositive, we decline to address the first two. *E.g.*, *City of Chesapeake v. Dominion Securityplus Self Storage, L.L.C.*, 291 Va. 327, 336 (2016) ("Because our resolution of the first assignment of error is dispositive, we need not reach the remaining four assignments of error . . . .") (collecting cases); *Rastek Constr. & Dev. Corp. v. Gen. Land Commer. Co., LLC*, 294 Va. 416, 423 (2017) (finding only one assignment of error dispositive and declining to address the others because "the doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available'" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))). Because we conclude that the circuit court prematurely granted summary judgment, we express no opinion as to whether its grounds for doing so were proper. *See Commonwealth v. Harley*, 256 Va. 216, 219-20 (1998) (noting that "the courts are not constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative" (alteration in original) (quoting *City of Fairfax v. Shanklin*, 205 Va. 227, 229-30 (1964))).

Mattawoman's plant, and to reserve a certain level of capacity to transport gas ("transportation capacity") on its pipeline for that purpose. Mattawoman agreed to pay monthly reservation charges in exchange for the reservation of transportation capacity, as well as to pay separate usage charges for the gas it actually nominated for transport.

Mattawoman never built the envisioned power plant. As such, Mattawoman never nominated any gas for transport, and Cove Point never delivered any gas to Mattawoman. Cove Point claims to have reserved the required transportation capacity for Mattawoman, and Cove Point invoiced reservation charges accordingly. Mattawoman does not dispute that it has not paid Cove Point any amount invoiced. Cove Point terminated the Service Agreement.

2. Circuit Court Proceedings

Cove Point sued Mattawoman for breach of contract in the circuit court,[3] alleging that Mattawoman had failed to pay Cove Point reservation charges as required under the Service Agreement. Cove Point requested over $6.3 million in contract damages, plus interest. Mattawoman demurred, arguing that Cove Point failed to state a breach of contract claim in that it did not allege that the conditions precedent to Mattawoman's obligation to pay under the Service Agreement—namely, the building of Mattawoman's power plant and establishment of an "interconnect delivery point" through which gas could be delivered to Mattawoman—had been satisfied.

After a hearing, the circuit court overruled Mattawoman's demurrer, finding that Cove Point had "filed a sufficient pleading" for breach of contract. Mattawoman filed an answer and

---

[3] Under its former name, Cove Point had previously sued Mattawoman for breach of contract in federal court. *See Dominion Energy Cove Point Lng, L.P. v. Mattawoman Energy, LLC*, No. 1:20-cv-611 (E.D. Va. Feb. 5, 2021) (order). That matter was dismissed for lack of subject matter jurisdiction. *Id.* at *8.

counterclaim; its answer raised five affirmative defenses: prior material breach, illegality, failure to satisfy a condition precedent, frustration of purpose, and failure to mitigate damages.

Mattawoman served Cove Point with discovery requests, including interrogatories and requests for production of documents, to which Cove Point responded.

Cove Point moved for summary judgment, arguing that Mattawoman's affirmative defenses were "meritless."

After Cove Point's summary judgment motion, Mattawoman moved to compel answers to its discovery requests that related to its affirmative defenses. Mattawoman asserted that Cove Point had refused to provide "any requested answers and documents directly related to Mattawoman's defenses" including 11 out of 17 interrogatories and 38 out of 70 document requests. Cove Point moved for entry of a protective order "narrowing the scope of discovery" to the single issue of whether Cove Point reserved the required transportation capacity (the "reservation issue") and, alternatively, to strike Mattawoman's affirmative defenses as "meritless as a matter of law."

The circuit court granted Mattawoman's motion to compel "only . . . for whatever documents that Cove Point has related to the reservation of the capacity." The circuit court granted Cove Point's motion for a protective order, in part, and further ordered "that discovery in this action shall be limited to information related to whether Cove Point reserved the contractually obligated capacity for Mattawoman under the . . . Service Agreement." The circuit court held Cove Point's motion to strike the affirmative defenses in abeyance "until such time as the parties fully brief and argue Cove Point's Motion for Summary Judgment."

Mattawoman then filed a cross-motion for summary judgment and its opposition to Cove Point's summary judgment motion. In its opposition, Mattawoman reasserted its affirmative

defenses, and noted that, in granting Cove Point's motion for a protective order, the circuit court "did not permit Mattawoman to take discovery on four of five of its affirmative defenses."

After a hearing on the motions for summary judgment, the circuit court granted Cove Point's motion in its entirety and denied Mattawoman's cross-motion in its entirety. The circuit court did not address Cove Point's motion to strike Mattawoman's affirmative defenses in its order or at the hearing.

This appeal followed.

## II. ANALYSIS

In an appeal from a grant of summary judgment, an appellate court "reviews the application of law to undisputed facts de novo." *Va. Fuel Corp. v. Lambert Coal Co.*, 291 Va. 89, 97 (2016) (quoting *Deutsche Bank Nat'l Trust Co. v. Arrington*, 290 Va. 109, 114 (2015)). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Rule 4:1(b)(1). However, the court may limit discovery if, among other things, it is "unreasonably cumulative or duplicative, . . . or . . . unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." *Id.*

"Appellate courts generally review a [lower] court's ruling on the 'grant or denial of discovery requests under an abuse of discretion standard.'" *Patel v. Rabinowitz ex rel. Lakhani Assocs., LLC*, 75 Va. App. 663, 669-70 (2022) (quoting *Temple v. Mary Washington Hosp., Inc.*, 288 Va. 134, 139 (2014)). "A 'court by definition abuses its discretion when it makes an error of law.'" *Lynchburg Div. of Soc. Servs. v. Cook*, 276 Va. 465, 484 (2008) (quoting *Porter v. Commonwealth*, 276 Va. 203, 260 (2008)).

"Generally, the granting or denying of discovery . . . will not be reversed on appeal unless 'the action taken was improvident and affected substantial rights.'" *O'Brian v. Langley Sch.*, 256 Va. 547, 552 (1998) (quoting *Rakes v. Fulcher*, 210 Va. 542, 546 (1970)).  Where a circuit court prevents a party from conducting discovery that "could be relevant to producing evidence of" a legally cognizable defense, it substantially affects that party's "'ability and right to litigate' his defense" in a way that constitutes an abuse of discretion.  *Nizan v. Wells Fargo Bank Minn. Nat'l Ass'n*, 274 Va. 481, 501 (2007) (quoting *O'Brian*, 256 Va. at 552).

The discovery limitation affected Mattawoman's substantial right to defend itself against a multi-million-dollar breach of contract claim by raising and substantiating legally cognizable defenses.  Mattawoman had the concomitant right to discover material related to those defenses, and thereby to potentially prove those defenses.  *See O'Brian*, 256 Va. at 552; *see also Nizan*, 274 Va. at 501.  Cove Point's motion to strike disputed the factual and legal basis for all five affirmative defenses.  By granting Mattawoman's motion to compel "only" for information related to the reservation issue, the circuit court drastically reduced the number of issues in the case and effectively precluded Mattawoman from raising a genuine dispute of material fact that would defeat Cove Point's motion for summary judgment.  Under Rule 4:1(b)(1), Mattawoman was permitted to discover unprivileged information relevant to its defenses.  And given that the defenses were still "live" and material to the litigation, because the circuit court never struck them, Mattawoman had the right to take discovery on those defenses.

Limiting discovery only to the reservation issue impaired Mattawoman's substantial right to pursue legally cognizable defenses.  That limitation thus constitutes an abuse of discretion.[4]

_____

[4] Though not binding on this Court, federal caselaw supports our holding.  *See*, *e.g.*, *Smith v. OSF Healthcare Sys.*, 933 F.3d 859, 866 (7th Cir. 2019) (noting that precedents from multiple federal circuits "emphasize the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment against [it]").  And "[g]enerally speaking, 'summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover

And because the circuit court abused its discretion in short-circuiting the discovery phase, its grant of summary judgment was premature. *See Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609, 618 (2005) (noting that summary judgment "should not be used to short-circuit litigation"). Accordingly, the circuit court's ruling constitutes reversible error.

In support of its position that the circuit court did not abuse its discretion by limiting discovery to the reservation issue, Cove Point argues that this case is analogous to *Dick Kelley Enters. v. City of Norfolk*, 243 Va. 373 (1992). In that case, our Supreme Court found no abuse of discretion where the trial court limited discovery until it ruled on a pending motion for summary judgment. *Dick Kelley*, 243 Va. at 383. But in *Dick Kelley*, at the same time the trial court limited discovery, it also granted partial summary judgment as to certain affirmative

---

information that is essential to [its] opposition.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (second alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). And, in the context of a plaintiff's discovery requests, any outstanding responses that relate to material issues in the litigation preclude the proper entry of summary judgment. *See Goodman v. Diggs*, 986 F.3d 493, 500 (2021) (noting that summary judgment "should be denied when 'outstanding discovery requests on material issues exist,'" because "[s]ummary judgment before discovery forces the non-moving party into a fencing match without a sword or mask" (alteration in original) (first quoting *Raynor v. Pugh*, 817 F.3d 123, 130 n.5 (4th Cir. 2016); and then quoting *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014))); *see also Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (noting that summary judgment "is disfavored where relevant evidence remains to be discovered" and, in the face of requests for additional discovery, "is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim" (quoting *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988))). Because Cove Point's motion for summary judgment attacked Mattawoman's affirmative defenses as "meritless," reassertion of those defenses was essential to Mattawoman's opposition. And as the non-moving party to Cove Point's motion for summary judgment, Mattawoman has the right to seek discovery on issues material to its defenses.

Our sister states have also found that a grant of summary judgment is premature where discovery had been cut short. "A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment." *Martinez v. 305 W. 52 Condo.*, 9 N.Y.S.3d 375, 377 (N.Y. App. Div. 2015) (quoting *Malester v. Rampil*, 988 N.Y.S.2d 226, 227 (N.Y. App. Div. 2014)). And "summary judgment is considered premature until all discovery which may yield genuine issues of material fact is complete." *Osorto v. Deutsche Bank Nat'l Tr. Co.*, 88 So. 3d 261, 263 (Fla. Dist. Ct. App. 2012). Further, "whether [a] defense is a valid one or not, the parties are entitled to undertake discovery with reference to the matters potentially involved." *Pac. Tel. & Tel. Co. v. Superior Ct. of San Diego Cnty.*, 465 P.2d 854, 864 (Cal. 1970).

defenses. *Id.* at 377. As a result, those affirmative defenses were no longer active or relevant to the litigation, and further discovery on those issues would have been unduly burdensome. In contrast, here the circuit court never ruled on Cove Point's motion to strike Mattawoman's affirmative defenses. The only time it ever addressed the defenses was at the demurrer stage, when it rejected Mattawoman's argument that Cove Point had failed to allege satisfaction of a condition precedent. As a result, at least four out of five of the defenses remained "live" and relevant to this case. *Cf. Casilear v. Casilear*, 168 Va. 46, 52 (1937) (noting that the effect of a motion to strike a defensive pleading is to admit that, even if the facts alleged are true, "they are not sufficient as a matter of law to constitute a bar to the action or proceeding"). *Dick Kelley* is thus distinguishable, and it does not support the circuit court's actions here.[5]

Cove Point further argues that the circuit court did not abuse its discretion in this case because Mattawoman was not prejudiced by the limitation on discovery. At oral argument, Cove Point assigned importance to the statement of Mattawoman's counsel that, when deposing Cove

---

[5] We recognize that our holding, based on *O'Brian* and *Nizan*, may initially seem inconsistent with *Va. Fuel*. Any apparent inconsistency, however, is dispelled as *Va. Fuel* is also procedurally distinguishable. In *Va. Fuel*, Lambert sued Virginia Fuel for breach of contract and Virginia Fuel responded with a counterclaim for breach of contract, as well as an answer in which it raised the affirmative defense of recoupment. 291 Va. at 94-95, 109. Our Supreme Court held that the circuit court did not err in sustaining Lambert's demurrer to Virginia Fuel's counterclaim for breach of contract even though Lambert had failed to respond to Virginia Fuel's discovery requests and the circuit court had not expressly dismissed Virginia Fuel's defense of recoupment. *Id.* at 108. In so doing, the Court noted that the circuit court had ruled on the dispositive issue relevant to the defense of recoupment at the demurrer stage. *Id.* at 107-08. And the circuit court had made this ruling *before* its grant of summary judgment "implicitly dismiss[ed]" Virginia Fuel's defense of recoupment. *Id.* at 109.

Here, we can conclude that the circuit court rendered immaterial one of Mattawoman's affirmative defenses argued on demurrer—that Cove Point's complaint failed to state a claim for breach of contract because it never alleged satisfaction of a condition precedent—when the court overruled the demurrer and found that Cove Point's complaint sufficiently pled breach of contract. But this ruling was not dispositive of the other four defenses: prior material breach, illegality, frustration of purposes, and failure to mitigate damages. Thus, unlike *Va. Fuel*, here the circuit court erred by granting summary judgment—thereby implicitly dismissing at least four defenses—without previously ruling on the merits of those defenses via Cove Point's motion to strike, or on any dispositive issue material to those defenses on demurrer.

Point's corporate designee, he had been "allowed . . . to ask any of the questions related to all five affirmative defenses." Cove Point characterizes this statement as a concession, and argues that it indicates there was "no prejudice to Mattawoman" as a result of the limitation on discovery. This argument overlooks the fact that Mattawoman sought to compel the production of documents, as well as answers to interrogatories, on issues material to its defenses. These requests were not necessarily fulfilled through the deposition of one individual, regardless of the number or nature of the questions asked. Further, Cove Point presents no authority, and we are aware of none, indicating that lack of prejudice is a relevant factor in an appellate court's review of a circuit court's discovery ruling. We conclude that Mattawoman's opportunity to question a single Cove Point corporate designee did not, alone, safeguard its substantial right to conduct discovery related to its defenses that were still "live" and material to the litigation before the circuit court prematurely granted summary judgment in Cove Point's favor.

## III. CONCLUSION

Because the circuit court's limiting of discovery to the reservation issue was both improvident and affected Mattawoman's substantial right to pursue legally cognizable defenses, we hold that the circuit court abused its discretion in its discovery ruling. Accordingly, the circuit court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*